## JOHN W. JACKSON, APPELLANT, *v.* LAURA JACKSON, RESPONDENT.

CUSTODY OF MINOR CHILD, UNDER DECREE OF DIVORCE.—In a suit to dissolve the marriage contract by a husband against his wife, where the court granted a divorce on account of the adultery of the wife, and also decreed that the custody of an only child of the parties, a boy between three and four years of age, should be given to its maternal grandfather, with whom the divorced wife resided, *held,* that this was erroneous, and that the father of the child, having the means to provide for its maintenance and support, and being otherwise a proper person to care for it, and being the party not in fault in the divorce suit, was entitled to the care and custody of the child in preference to its grandfather.

APPEAL from Clackamas County.

This is a suit by the appellant to obtain a divorce from his wife on account of adultery committed by her, and for the custody of Gilbert Roy Jackson, the minor son of the parties, four years of age.   The circuit court granted the divorce, but awarded the care and custody of the child to Harrison Ogle, its maternal grandfather, with whom the respondent was living before and since the trial.   From this part of the decree the appeal is taken.

*Septimus Huelat,* for appellant.

*Johnson & McCown,* for respondent.

By the Court, KELLY, C. J.:

By the common law, a father has the paramount right to the care and custody of his minor children, unless it be shown that he is a man of grossly immoral principles or habits, or that he has not the ability to provide for them, or that they have been ill-used by him. (*People ex rel. Nickerson,* 19 Wend. 16; *People ex rel. Olmstead* v. *Olmstead,* 27 Barb. 9.) The statutes of this state somewhat modify the doctrines of the common law, and whenever a marriage is declared to be dissolved, the court has power to decree as follows: "For the future care and custody of the minor children of the marriage as it may deem just and proper, having due regard to the age and sex of such children, and unless manifestly improper, giving the preference to the party not in fault. (Civ. Code, sec. 497, subd. 1, p. 211.)

It becomes necessary, therefore, to examine the evidence in the case in order to ascertain the character, standing, and fitness of the parties, and their ability respectively to provide for the future maintenance and education of the child. It appears by the testimony of many respectable witnesses, who have known the appellant nearly all his life, that he has ever maintained the character of an honest, industrious, and sober man, and was a kind husband and father to his wife and child while they lived with him: It further appears that by his industry and economy he had accumulated considerable property as a farmer and stock raiser, valued at four thousand or five thousand dollars, and that he is quite able and willing to support and educate his child.

On the other side, it appears from the evidence on file in the case, that the respondent, without any cause, deserted her husband in Grant county under the pretense of going to her parents' residence in Clackamas county. That instead of going there, she went off with her paramour to British Columbia, and lived with him, passing as his wife under an assumed name. That she was afterwards a wit-

ness in her own behalf on the proceedings to obtain a divorce, when she denied under oath that she was guilty of any act of adultery, which we are constrained to say was far from the truth, if many other respectable witnesses are to be believed. It further appears that the respondent is now living with her father, and that she has no property of any considerable value, with which she can support herself and her child.

The statute before referred to, requires the court, in cases of divorce, to give the care and custody of minor children to the party not in fault, unless otherwise manifestly improper. And observing this rule laid down to govern the courts, we think the child in this case should be placed under its father's care. It is now within a few days of four years of age. Its father is an industrious, sober, and competent person to take charge of it, and has the means to provide for its education and welfare. He was not the party in fault·in the divorce proceedings, and we know of no manifest impropriety in giving the care and custody of the child to him. On the other hand, its mother has not shown that she possesses a good moral character, so far as chastity and truth are concerned, and she has not the means to provide for and educate the child, and she was the party in fault in the divorce case. It is true the decree of the court was not to give the care and custody of the child to the respondent, but to her father. This, however, is virtually placing it under her control, as she also resides with him. As between the father and grandfather of a child, the former certainly has the better right to its care and custody, unless he is manifestly an improper person to take charge of it, which does not appear to be so in this case.

The decree of the circuit court is, therefore, reversed, so far as the same relates to the custody of the child. And it is ordered that the appellant, John W. Jackson, shall have the care and custody of the said minor child, Gilbert Roy Jackson, until the further order of the circuit court for Clackamas county.