# THE SUPREME COURT

OF

## OREGON.

### OCTOBER TERM, 1888.

---

Filed October 11, 1888.]

## A. W. LAMBERT, APPELLANT, v. ROSE LAMBERT, RESPONDENT.

DISSOLUTION OF MARRIAGE. — When a decree is given dissolving a marriage, the care and custody of the minor children should be given to the party not in fault, unless there is evidence showing that it would be manifestly improper to do so, and a special finding of fact made by the court to that effect.

CARE AND CUSTODY OF MINOR CHILDREN. — In providing for the future care and custody of the minor children in such a case, the principal matter for consideration is, what will be to their best interest and welfare, which should be paramount to every other motive or influence.

APPEAL from the Circuit Court for the county of Multnomah.

*Williams & Williams,* for Appellant.

*Stott, Waldo, Smith, Stott & Boise,* and *Caples & Mulkey,* for Respondent.

PER CURIAM. — This appeal is from a part of a decree rendered in a suit brought by the appellant against the respondent to obtain a divorce, and to have the custody of their minor child, Albert Lambert, a boy ten years of age, awarded to him. The

Circuit Court granted the appellant the divorce, but gave the custody of the child to the respondent upon condition that she continue to reside in the city of Portland; and directed that the appellant pay to her five dollars a month for its support. It is also provided in the decree that the child shall not be removed from Multnomah County, and that the respondent execute a bond in the sum of five hundred dollars, with sureties that she will not so remove it. The decree also contains a further provision, that in case the respondent failed to comply with its terms in the particulars referred to, or if she changed her residence from said county, then the custody of the child should be given, without further order of the court, to J. H. Lambert, its grandfather.

The appeal is from the part of the decree awarding the custody of the child to the respondent. The Code provides that whenever a marriage shall be declared void or dissolved, the court shall have power to further decree, among other things, the care and custody of the minor children of the marriage, as it may deem just and proper, having due regard to the age and sex of such children, and unless otherwise manifestly improper, give the preference to the party not in fault. (Code, subd. 1, § 402.) There was no finding of fact in this case, nor any evidence therein showing that it would have been improper to give the care and custody of the minor child, Albert Lambert, to the appellant. The testimony shows that the appellant is engaged in business, and much better able to support the child than the respondent, and its age and sex favor his being given such preference. We are of the opinion, in the absence of a finding and proof, that it would have been improper to award the care and custody of the child to the appellant; the Circuit Court was not justified in giving the respondent the preference in that regard.

The most important consideration in such a case is the best interests of the child, which parental sentiment too often disregards. Besides, the contention between them as to which shall have control of the child is apt to arise out of a spirit of rivalry and jealousy. It is claimed in this case that the respondent is

shown to possess a stronger affection for the child than the appellant does. If this were conceded, it would be no ground for awarding its custody to her, unless its substantial benefit would be promoted thereby. In our opinion it would be far better for the child if he were placed in charge of his grandfather, J. H. Lambert. We are induced to believe so from the facts and circumstances of the case, and a knowledge we have obtained of Mr. J. H. Lambert's character, standing, and surroundings.

The decree of the court will therefore be, that the care and custody of the minor child, Albert Lambert, be given to the said J. H. Lambert, and that the appellant and respondent have liberty at all proper times to visit it. That the decree appealed from be modified in accordance with this view, and neither party shall be entitled to costs or disbursements.