## LEAK v. LEAK.

(First Division. Juneau. December, 1906.)

No. 499A.

1. DIVORCE (§ 298*)—CUSTODY OF CHILDREN.

Where a divorce is granted, and neither the father nor mother have peculiar characteristics to justify the custody of the children, the court may make such order for their custody as the welfare of the children may warrant.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 781–787; Dec. Dig. § 298.*]

This is a suit for divorce. Plaintiff seeks a dissolution of the marriage contract upon the ground of cruel and inhuman treatment by his wife. Plaintiff and defendant met in the city of New York, in January, 1898, at a hospital in which plaintiff was a patient and defendant a nurse. On March 9, 1898, they were married. Plaintiff was then, and so far as the evidence on the question of divorce discloses still is, a resident of Alaska. Immediately after their marriage, plaintiff and defendant went to the vicinity of Dawson, Y. T., where the plaintiff had mining interests. In June, 1899, the son Victor was born. In the latter part of 1903 plaintiff began an action for divorce in this court. Defendant answered. Alimony and counsel fees were ordered; but finally, before the case came to trial, on plaintiff's motion, the suit was dismissed. In the meantime, in April, 1904, a second

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

son was born. On November 21, 1905, plaintiff commenced this suit.

The complaint sets up two grounds for divorce, including cruel and inhuman treatment. By an order the defendant was restrained from taking the two children, who were in her custody, from the jurisdiction of the court, pending the determination of the case. She answered the complaint, denying its allegations. She also set up desertion by the plaintiff. Both prayed for the custody and control of the two children. Temporary alimony and counsel fees were allowed. Plaintiff was allowed to withdraw from his complaint the first ground, and his evidence of cruel and inhuman treatment by the wife was not controverted. The testimony shows several domestic infelicities and difficulties, in which personal abuse and violence were heaped upon a forbearing and kindly husband by a high-tempered and formidable spouse. Plaintiff's proof is, in the opinion of the court, sufficient to sustain his prayer for divorce.

Maloney & Cobb, for plaintiff.

Winn & Heard, for defendant.

GUNNISON, District Judge. On the real issue in the suit, the custody of the two boys, a great mass of testimony, take by deposition in this case and in the former suit, was introduced and has been carefully examined by the court. Plaintiff and defendant flatly contradict each other in their testimony, and their numerous charges and countercharges of misconduct seem to fall for want of satisfactory corroboration. The charge of unfaithfulness by defendant, in the opinion of the court, is not substantiated by the evidence. The court has anxiously examined the testimony in the hope that some light might be thrown upon the question as to who should have the custody of the children. It is plain that neither is peculiarly qualified for the task, for no man who

is interested in dance halls, and who openly boasts that he frequents such places, or who characterizes the letters, Plaintiff's Exhibits 2 and 5, only as "rich," can be fully endowed with the qualities for which one looks when selecting a guardian for young children. He may be a good business man, and a lavish provider as well; but those qualities do not constitute the sum total of requisites of the custodian of little children.

On the other hand, no woman who would write such a letter as Plaintiff's Exhibit No. 2 has a pure mind;. nor would a letter such as Plaintiff's Exhibit No. 5 be written by a true woman, or a mother jealous of her own and her children's honor. In the opinion of the court, neither party has exhibited any characteristics which commend the possessor to the mind of the court as a proper person to have the care and control of these two little boys. It is true that plaintiff asserts that he expects to hand the children over to his mother and sister. That, however, is not a personal characteristic. The defendant indicates that she would turn them over to her mother. We have no evidence as to the qualifications of either of the grandparents, and so are again at the same point from which we started, namely, a choice between the parents.

We might turn to the old common-law rule that the father is the proper custodian; but that has been rather superseded by the sensible and humane rule that the welfare of the children is to be considered. 2 Bishop on Marriage, Divorce and Separation, § 1193; Lambert v. Lambert, 16 Or. 485, 19 Pac. 459; Schouler, in his work on Domestic Relations (4th Ed.) p. 363, quotes the following language of Judge Story from the opinion in United States v. Green, 3 Mason, 482, Fed. Cas. No. 15,256:

"It is an entire mistake to suppose that the court is bound to deliver over the infant to its father, or that the latter has an absolute vested right in the custody."

The author then proceeds:

"The cardinal principle relative to such matters is to regard the benefit of the infant; to make the welfare of the children paramount to the claims of either parent. And thus may the mother be preferred in a suitable case to the father. While states differ as to the extent of the father's claims in preference to the mother, in this latter principle they all agree; and judicial precedents, judicial dicta, and legislative enactments all lead to one and the same irresistible conclusion. The primary object of the American decisions is, then, to secure the welfare of the child, and not the special claims of one or the other parent."

It is therefore the opinion of the court that, because of the unfortunate affliction and general ill health of the boy Victor, and also because of his mother's training as a nurse and her familiarity with the disease, for the welfare of the child, he should be given to the custody of the mother. 9 Am. & Eng. Ency. of Law (2d Ed.) 868. Proper and reasonable provision should be made by the plaintiff for the maintenance and education of this child. The other child is considerably younger, and is a perfectly healthy boy. He is past the age when he needs the peculiar personal care and attention that a mother alone can give. It appears to the court that the good of this child will be as well subserved in the custody of the one as the other of the parents. The eldest boy having been placed under the care of the defendant, there appears to be no substantial reason why the plaintiff should not have the custody of the younger. Reasonable provision should be made in the decree to enable the parents to see the respective children.

Let a decree enter.