Argued October 7, decided October 19, 1909.

## EX PARTE BARNES.
## BARNES *v.* LONG.

[104 Pac. 296.]

HABEAS CORPUS — CUSTODY OF CHILD — DEATH OF MOTHER HAVING CUSTODY.

1. The father, being worthy and capable of properly caring for his child, custody of which on his obtaining a divorce was given to its mother, will as its rightful custodian on her death be given its custody in habeas corpus as against the mother's parents, with whom she left it to take care of and keep.

HABEAS CORPUS—CUSTODY OF CHILD—REMOVAL FROM STATE.

2. A child, custody of which was given its mother on its father obtaining a divorce from her in Washington, and which by permission of the court granting the divorce was taken by her to Oregon, may properly be taken back by its father on his recovering its custody on her death.

From Union: JOHN W. KNOWLES, Judge.

This is a *habeas corpus* proceeding by James R. Barnes against Cora Long to recover the custody of Joseph Lester Barnes, a minor.  From a judgment in favor of defendant and dismissing the writ, plaintiff appeals.

Reversed.

For appellant there was a brief over the names of *Messrs. Cochran & Cochran,* with an oral argument by *Mr. Charles E. Cochran.*

For respondent there was a brief over the names of *Mr. Charles H. Finn* and *Messrs. Ivanhoe & Hodgin,* with oral arguments by *Mr. Finn and Mr. Francis S. Ivanhoe.*

Mr. Justice Eakin delivered the opinion of the court.

This is a proceeding by *habeas corpus* to recover the custody of a child, a boy—Joseph Lester Barnes—being at this time two years and four months of age.  Petitioner and Ada Barnes, the parents of the child, were married June 10, 1906, and resided in Adams County, Washington, where petitioner owns a large farm.  They separated about December 26, 1906, the wife returning to the home of her parents, and thereafter residing with them.  On June 10, 1907, the child was born, and on February 15, 1908, in Adams County, Washington, this petitioner secured a decree of divorce from his wife, Ada, on the ground of desertion, the decree giving to the wife the care and custody of the child until such time as the court should order otherwise, and providing that the wife should not remove the child beyond the jurisdiction of that court.  Thereafter it was stipulated that the decree of the court should be amended so as to eliminate the provision that the wife shall not remove the child from the jurisdiction of the court.  The wife thereafter, with the child, removed to Union County, Oregon, where on October 7, 1908, she died at the home of her mother, this defendant, and requested her mother to take care of the baby and keep him, which she promised to do,

and now refuses to surrender it to petitioner. Soon after the rendering of the decree of divorce, petitioner re-married, and, with his wife, now resides on his farm in Adams County, Washington. The evidence establishes, and the trial court found, that petitioner is a man of good personal habits, has a good reputation for being honest, sober, and industrious, and owns a large farm worth $10,000, incumbered for a debt of $2,000.

1. In the decree of divorce, the custody of the child was given to the wife, and properly so, notwithstanding she was the party at fault, such fault not reflecting upon her character, and the child being of tender age. But the law recognizes the father, the mother being dead, as the rightful custodian of his child, as against the claim of all persons. Of course, the court in the interest of the child may take it from the parents and make other provisions for it, but there must be some good cause for so doing. No doubt the defendant would give the child a good home and the best of care, and is very much attached to it, but as against the father she has no legal claim upon it. *Swarens* v. *Swarens* (Kan.), 97 Pac. 968. If the father were unworthy or incapable of caring for it properly, then it would be the duty of the court to place it elsewhere, but no plea of that character is made here. The divorce suit has not relieved petitioner of his parental obligation to his son, and he has done no act that forfeits his right to its custody. It is said in *Jackson* v. *Jackson,* 8 Or. 402, that, as between the father and maternal grandfather of a child, the father certainly has the better right to its care and custody, unless he is manifestly an improper person to take charge of it. See, also, *Lambert* v. *Lambert,* 16 Or. 485 (19 Pac. 459) ; *Bailey* v. *Bailey,* 17 Or. 114 (19 Pac. 844).

2. Neither is it improper for petitioner to remove the child out of Oregon, as Washington is its home, and it is a special charge of the superior court of Adams County, Washington, where the court retains a continuing

supervision over it in the divorce suit, and is trustee of $500 for its benefit.

The court erred in its conclusion of law that the best interests of Joseph Lester Barnes required that he remain in the custody of defendant, and in dismissing the writ, and in not awarding the child to petitioner. Judgment is reversed and the cause remanded to the lower court for such further proceedings as may be proper, not inconsistent with this opinion.                      REVERSED.