Argued June 27, decided July 5, 1911.

## GUSTIN *v.* GUSTIN.

[116 Pac. 1072.]

DIVORCE—CUSTODY OF CHILD.

As between plaintiff, a divorced wife, and the husband's stepmother, the former is entitled to custody of her minor child, though the latter is better able pecuniarily to care for the child; plaintiff being a fit person to have custody.

From Clackamas:  JAMES U. CAMPBELL, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is a supplemental proceeding in a suit wherein plaintiff was divorced from defendant. The custody of the child, Vivian Ethel Gustin, was given to defendant's stepmother, Mrs. M. (N.) L. Gustin, until the further order of the court.

In this proceeding Mrs. N. L. Gustin asks to have the decree modified to give her the custody of the child permanently, that she may adopt it, and plaintiff appears by motion and also asks the court for an order giving her the custody of the child. The motions were heard together, and an order made, giving the care and control of the child to Mrs. N. L. Gustin, from which order plaintiff appeals.         REVERSED: DECREE RENDERED.

For appellant there was a brief over the names of *Mr. L. W. Humphreys* and *Mr. F. F. Fitzgerald,* with an oral argument by *Mr. Humphreys.*

There was a brief and an oral argument by *Mr. Thomas F. Ryan,* Attorney for Mrs. N. L. Gustin.

Opinion by MR. CHIEF JUSTICE EAKIN.

Upon the authority of *Barnes* v. *Long,* 54 Or. 548 (104 Pac. 296: 25 L. R. A. [N. S.] 172), this case must be reversed, and the custody of the child awarded to plaintiff. The defendant in the divorce suit, although present and a witness at the hearing on these motions, made no claim to the child. The controversy is between plaintiff and Mrs. N. L. Gustin.

There is no contention that plaintiff is an unfit person to have the custody of the child. Mrs. N. L. Gustin calims to be better able, financially, to care for her. The facts bring this case within the principle announced in *Barnes* v. *Long,* 54 Or. 548 (104 Pac. 296: 25 L. R. A. [N. S.] 172). As said in *Ex parte Clarke,* 82 Neb. 626, 631 (118 N. W. 472, 474: annotated in 20 L. R. A. [N. S.] 171), the courts will not deprive a parent of the custody of a child merely because, on financial or other grounds, a stranger might better provide. "The statute does not make the judges the guardians of all the children in the state, with power to take them from their parents, so long as the latter discharge their duties to the best of their ability, and give them to strangers because such strangers may be better able to provide what is already provided."

The decree is reversed, and one will be entered here awarding the custody of the child to the plaintiff.

REVERSED: DECREE RENDERED.