Submitted February 5, remanded April 2, 1958

# WATSON *v*. WATSON
323 P. 2d 335

Francis F. Yunker, Portland, filed a brief for appellant.

No appearance was made by respondent.

PER CURIAM.

This is an appeal by the plaintiff from that portion of a divorce decree relating to the custody of the minor child of these parties, Ronald Leonard Watson, Jr., age 22 months.

At the conclusion of a contested trial of the issues presented, a decree was entered granting the plaintiff's prayer for a divorce from the defendant, and providing alimony. With relation to the custody of the minor child the decree is as follows:

"In regard to the minor child of the parties, Ronald Leonard Watson, Jr., age 22 months, it is the order of the Court that he be placed under the supervision and control of the Juvenile Court of Multnomah County, Oregon until the further orders of this Court, and both of the parties to this cause are hereby restrained from removing the child from his present location at 9017 S. E. Division Street, and from interfering with the Juvenile Court in the supervision and control of said child."

It is the plaintiff's contention that the trial court is required by law to grant the custody of the child to one of the parties, or to some person.

ORS 107.100, as relative to this issue, reads as follows:

"(1) Whenever a marriage is declared void or dissolved, the Court has power further to decree as follows:

"a. For the future care and custody of the minor children of the marriage, as it may deem just and proper, having due regard to the age and sex of

such children, and unless otherwise manifestly improper, giving the preference to the party not at fault."

■ We are of the opinion that an obligation rests upon a court of divorce to, within a reasonable time, award the custody of the child to some person, usually one of the parents. "In the absence of evidence to the contrary, the law presumes that the child's welfare will best be served by committing it to the custody of one or the other of its parents. The parents' right by nature and by law, to the custody of children, should never be denied, except for the most cogent reasons, and unless it is clearly shown that both the parents are unqualified." 27 CJS 1169, Divorce § 308c.

■ From the record, we are convinced the trial court was not attempting to avoid the making of a decision relative to the custody of the child or attempting to shift its responsibility as a court of divorce to a court having jurisdiction of juvenile matters. The conscientious trial judge undoubtedly felt the father of the child was neither a proper person to have the custody of the child nor was he desirous of having such custody, and, likewise, there was serious doubt in the court's mind as to the mother's ability to properly face the responsibility of motherhood. Under these circumstances there was also the possibility the child might be considered dependent and neglected, as defined in ORS 419.102.

Our interpretation of the order made, assisted by an examination of the testimony set forth in the transcript of evidence, convinces us the trial court was not attempting to make an order regarding the permanent custody of the child, but was holding such an order in temporary abeyance. In fact, there is little doubt but that the order as made was not final and,

therefore, not appealable. It is now apparent sufficient time has elapsed for a final adjudication relative to the custody of this child.

This cause is remanded to the trial court for entry of a final decree upon this phase of the case.

KESTER, J., resigned before this decision was rendered.