Argued April 5, affirmed as modified April 26, 1967

GHEEN, *Respondent, v.* GHEEN, *Appellant.*

426 P. 2d 876

*Kendrick M. Mercer,* Eugene, argued the cause for appellant. With him on the briefs were Johnson, Johnson & Harrang, Eugene.

*E. B. Sahlstrom,* Eugene, argued the cause for re-

spondent. On the brief were Sahlstrom, Anderson & Starr, Eugene.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, DENECKE and REDDING, Justices.

REDDING, J. (Pro Tempore).

This is an appeal by the defendant husband from that part of a decree of divorce which awards the custody of the two minor children of the parties to the maternal grandmother.

At the conclusion of the trial the trial judge made the following among other findings of fact:

"* * * * * *

"(3) That the Plaintiff is 21 years of age * * *. That the Defendant is 27 years of age. * * *.

"* * * * * *

"(5) That two children have been born as issue of this marriage; Tamera Sue, born June 5, 1961, now 4 years of age, and Troy Dale, born June 21, 1962, now 3 years of age.

"* * * * * *

"(7) That on occasion during the marriage the Plaintiff has carried on a course of adulterous conduct and cruel and inhuman treatment of the Defendant and inflicted personal indignities upon him, rendering his life burdensome.

"(8) Defendant himself has not been entirely free from fault, but such fault is not such as to constitute a bar to this suit for divorce.

"(9) That it is in the best interest of the minor children that their care and custody be given to their maternal grandmother, the mother of the Plaintiff, Oblene Batson * * *. The Plaintiff shall have the right to continue living on the premises with her parents, subject, however, to the con-

dition that she shall not have male visitors upon the premises in the presence of the minor children and the minor children shall not accompany her when she leaves the premises in the company of masculine friends."

No purpose would be served by here reviewing the immoral conduct of the plaintiff mother. Suffice it to say that from the record it is abundantly clear that she is not a fit or proper person to have the custody of the minor children of the parties.

The trial court granted the defendant father a divorce and made no findings of unfitness on his part. Indeed, from a careful review of the record we find nothing which would warrant a finding that the father is not a fit and proper parent to have the custody and care of his minor children.

Presently, the father has no suitable arrangements for the care of the children in his own home. However, should he be granted custody, he contemplates having the children live with him in the home of his parents. The parents of the defendant, like the parents of the plaintiff, are persons of exemplary character. The uncontradicted evidence is that defendant was a good father; that he loved his children; spent time with them; cooked for them; dressed them; cleaned house and generally met their physical needs. The defendant's love for the children is further evidence by the fact that he missed only one visitation during the pendency of the divorce suit, from April 8, 1965 to March 21, 1966.

■ It is the general rule that unless incompetent or unfit, a parent will be preferred to the grandparent. This is clearly stated and summarized by the author in his treatise on divorce entitled Nelson, Divorce and

Annulment 244-245, Custody of Children § 15.15 (2d ed 1961):

"* * * [O]ne of the natural rights incident to parenthood, supported by law and sound public policy, being the right to the care and custody of a minor child, and the power of the state, through its courts, to take a child from its parent and commit its custody to a stranger resting essentially on the fact of transfer or abandonment by the parent of his parental right * * *."

He continues in § 15.16 at 250-252:

"As between parents and grandparents adversely claiming custody of a child, either parent is entitled to a preference over the grandparents, unless it is clearly shown that the parent is unfit for the trust, or that the welfare of the child requires it to be in the custody of the grandparents. Accordingly, unless it is made manifest to the court that the parent claiming the child is unfit or incompetent to take charge of it, or unless the welfare of the child, for some special or extraordinary reason, demands a different disposition of it at the hands of the courts, the claim of a mother is superior to the claim of the paternal grandparents of a child for its custody, and the claim of the father is superior to that of the maternal grandparents, even though the grandparents are in better financial circumstances than the mother or father, the environment in which they live is superior, or the mother has been guilty of indiscretions and unconventional conduct * * *."

■ This court has consistently held that in the event of divorce, unless it be clearly shown that both parents are either incompetent or unfit, the natural right of the parent to the care and custody of minor children should not, except for most cogent reasons, be denied in favor of third persons, including grandparents.

*Watson v. Watson,* 213 Or 183, 323 P2d 335 (1958); *Pick v. Pick,* 197 Or 74, 251 P2d 472 (1952); *Turner v. Hendryx,* 86 Or 590, 167 P 1019, 169 P 109 (1917); *Gustin v. Gustin,* 59 Or 226, 116 P 1072 (1911); *Barnes v. Long,* 54 Or 548, 104 P 296, 25 LRA (ns) 172 (1909); *Jackson v. Jackson,* 8 Or 402 (1880).

■ It follows that the decree of the trial court should be and it hereby is modified by striking therefrom the provisions respecting the custody and support of the minor children of plaintiff and defendant, substituting therefor the following:

"The future care, custody, control, and maintenance of Tamera Sue Gheen and Troy Dale Gheen, the minor children of the plaintiff and defendant, be, and such care and custody hereby is, awarded to defendant Robert Dale Gheen, subject to the further order of the court. The plaintiff shall have the right of reasonable visitation."

Except as herein modified, the decree is affirmed. Neither party shall recover costs.