Argued June 22, reversed and remanded August 8, reconsideration denied September 27, 1978, petition for review allowed January 16, 1979

In the Matter of the Dissolution of the Marriage of
DEFFENBAUGH, *Respondent,*
*and*
DEFFENBAUGH, *Appellant.*
(No. 49557, CA 10300)

582 P2d 470

Appeal from Circuit Court, Linn County.

Courtney R. Johns, Judge.

Earl McFarlan, Sweet Home, argued the cause and filed the brief for appellant.

D. Erik Larson, Salem, argued the cause for respondent. With him on the brief was Brand, Lee, Ferris & Embick, Salem.

[ 683 ]

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Husband appeals the child custody and child support provisions of a decree of dissolution. He contends the court erred in denying his motion to disqualify the judge, in granting an order correcting the decree and in awarding custody of the children to the mother.

In understanding and resolving the issues involved it is necessary to detail the somewhat confusing procedural history of this case. The parties were married for approximately four years and had two children, ages three years and sixteen months respectively at the time of the hearing on the petition. Wife filed a petition for dissolution on April 1, 1977. The wife had left the family home prior to filing the petition and sometime later began living with another man. She testified they intended to marry as soon as the decree became final. She was working part-time at a clothing store in exchange for clothing.

On May 13, 1977, the court granted temporary custody of the children to the father pending trial on the petition. The matter was tried on September 23, 1977. At the close of the hearing the court announced its ruling from the bench granting the dissolution, effective November 23, 1977, and distributing the property of the parties. Respecting custody of the children, the court expressed concern that the mother's working and being away from home, coupled with the fact she was living with a man to whom she was not married, was an environment not conducive to the best interests of the children. The court then said:

> "* * * I will give him presently the custody of these children subject to her right of reasonable visitation, but I want it clearly understood that the Court would consider changing the custody if she is remarried and she wouldn't have to show any other change of circumstances."

Counsel for the wife experienced difficulty in preparing a form of written decree and the court requested counsel for the father to prepare the decree,

which was done and signed by the court on November 30, 1977, nunc pro tunc to September 23, 1977. The decree awarded custody of the children to the father, but said nothing about continuation of the custody issue pending remarriage of the wife.

On December 13, 1977, wife filed a motion to modify the decree to award custody of the children to her. The accompanying affidavit stated she married the man she had been living with on December 2, 1977. The court issued an order for the husband to show cause why the decree should not be modified. The hearing on the show cause order was set for December 21, 1977, and was reset to January 6, 1978.

On December 20, 1977, husband filed a motion to disqualify the judge on the ground the judge had already expressed his opinion that custody would be changed if the wife remarried.

The hearing on January 6, 1978, was ostensibly to hear the wife's motion to modify the decree. Husband first argued his motion to disqualify the judge and contended the wife should be required to show a change of circumstances other than her remarriage in order to justify a change in custody. After a lengthy discussion regarding the procedural status of the case and the authority of the court to change custody, the court denied the motion to disqualify the judge and requested the wife to file a motion for correction of the decree, which she did. The court then signed two orders; the first corrected the decree, which had been signed on November 30, 1977, by deleting the provision for award of custody and inserting the following paragraph:

"The issue of the award of custody of * * * [the] minor children of the parties hereto, hereby is taken under advisement until 15 December 1977, to determine whether or not petitioner [wife] shall remarry during such interim period."

The second order recited that the wife had remarried and awarded custody of the two children to her. There

was no evidentiary hearing on the motions and neither order was submitted to husband's counsel prior to signing by the court.

Husband makes three contentions; first, his motion to disqualify the judge should have been allowed; second, the court should have held a hearing to determine if there was a substantial change of circumstances justifying a change of custody; and third, the orders correcting the decree and awarding custody of the children to the wife should be reversed because they have the effect of allowing a modification of the decree without showing a change of circumstances.

■ The motion to pre-emptory disqualify the judge was not timely under ORS 14.260, which provides:

"* * * [N]o motion to disqualify a judge shall be made after the judge has ruled upon any petition, demurrer or motion * * * in the cause * * *."

The judge sought to be disqualified had heard the trial on the petition for dissolution and rendered a decree. *See Merimac Co. v. Portland Timber,* 259 Or 573, 488 P2d 465 (1971). Therefore the judge was not required to disqualify himself.

We next consider husband's contention that a hearing should have been held to determine if there was a sufficient change of circumstances to justify a change of custody. Resolution of this issue requires a determination of whether the initial award of custody to the husband was permanent or temporary.

In *Watson v. Watson,* 213 Or 182, 323 P2d 335 (1958), the Supreme Court did not approve or disapprove of temporary custody orders, but stated:

"* * * [T]hat an obligation rests upon a court of divorce to, within a reasonable time, award the custody of the child to some person, usually one of the parents. * * *" 213 Or at 184.

In *Stonebrink v. Stonebrink,* 2 Or App 328, 468 P2d 546 (1970), we concluded, under *Watson,* a court could reserve the question of permanent custody to a later

date. We, however, stated reservation of a decision on custody should be used only in exceptional cases where the best interest of the child requires it and should be for the shortest practicable period. We noted the effect of a temporary order was to deny the parties a right to prompt appeal.

We substantially diluted the authority of the trial courts to make temporary custody awards in *Gwinner and Gwinner,* 24 Or App 743, 547 P2d 151, *rev den* (1976). We there held a temporary custody order, where no exceptional circumstances existed, would be treated as permanent for purposes of appeal.

We interpreted the "reasonable time" rule of *Watson v. Watson, supra,* as requiring an award of permanent custody within a reasonable time, and stated "[t]he change of circumstances rule pertaining to changes of custody cannot be avoided by making 'temporary' orders that run for extended periods of time." 24 Or App at 749. *See also Slauson and Slauson,* 29 Or App 177, 562 P2d 604 (1977).

From a reading of these cases we conclude, absent exceptional circumstances respecting the best interests of the children, an award of custody will be considered permanent for the purposes of appeal and application of the change of circumstances rule. This is required not only to accord the parties prompt right of appeal, but also to lend stability to the parent-child relationship following dissolution. The very nature of a temporary custody order is inconsistent with attaining the desired stability of this relationship.

We find no exceptional circumstances that justified withholding of the permanent custody decision. The event that the court felt would change the living environment provided by the mother was a future event solely within her control. Marriage is a matter for individual choice and is not a condition for having custody of children. Although it may add to the

stability of a living environment, it cannot be the sole basis or condition for awarding or changing custody.[1] *See Niedert and Niedert,* 28 Or App 309, 559 P2d 515, *rev den* (1977). A decree which imposes such a condition, directly or by implication, is contrary to statute, ORS 107.137(4), and public policy.

The award of custody in the corrected decree, although denominated temporary, we treat as a permanent custody award, which can be modified only upon a change of circumstances. The order awarding custody of the children to the wife is reversed. Since no hearing was held on her motion to modify the decree, we remand for disposition of the wife's motion.

Reversed and remanded. No costs to either party.

---

[1] The marital status, social environment and life style of a parent are to be considered in a custody decision "* * * only if it is shown that any of these factors are causing or may cause emotional or physical damage to the child." ORS 107.137(4).